UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RUTH RASPBERRY,

          Plaintiff,

v.                                CASE NO. 8:07-CV-658-T-23MAP

MICHAEL J. ASTRUE
Commissioner of Social Security

          Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff seeks judicial review of the Commissioner's decision denying her claims for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI") for the period from December 1, 1999, through September 3, 2001. She argues that the Administrative Law Judge ("ALJ") erred by (1) finding her job of machine tender constituted substantial gainful activity thereby qualifying it as past relevant work and (2) finding she could perform her past relevant work as a machine tender since the ALJ did not properly evaluate the postural limitations imposed by the state medical consultants to whose opinions the ALJ assigned great weight. After reviewing the record and the parties' memoranda, I find that the ALJ applied the correct legal standards and the decision is supported by substantial evidence. Accordingly, Plaintiff's complaint should be dismissed and the Commissioner's decision should be affirmed.[1]

A. Background

Plaintiff, who was fifty-four years old at the start of the applicable period, has a sixth-grade

---

[1] The matter is referred to me for a Report and Recommendation. *See* 28 U.S.C. § 636 and Local Rule 6.01.

education and previously worked as a laundry aide, flagger, home health aide, construction worker, and machine operator (R. 634).   Previously, Plaintiff had been found disabled as of July 1995, but her benefits were subsequently ceased in November 1999 (R. 528, 600-01, 631).   Plaintiff never appealed that cessation decision (R. 528). Instead, she filed applications for a period of disability, DIB, and SSI on July 6, 2000, alleging a disability onset date of July 31, 1995, and alleging disability due to total right knee replacement and chronic back pain or strain (R. 66, 106-08, 484-87).   The claims were denied both initially and on reconsideration (R. 65-66, 83-85, 88-90).   After conducting a hearing, an ALJ issued a partially favorable hearing decision on January 25, 2002, finding Plaintiff disabled as of September 4, 2001 (R. 67-78).   On March 14, 2002, an ALJ issued an amended decision again finding Plaintiff disabled as of September 4, 2001 (R. 42-53).   Plaintiff requested review by the Appeals Council contesting the onset date granted by the ALJ, which the Appeals Council granted.   Upon review, the Appeals Council affirmed the favorable part of the decision finding Plaintiff disabled as of September 4, 2001, but vacated the hearing decision relating to the period prior to September 4, 2001, and remanded the case to an ALJ for further proceedings (R. 80-82).   Subsequently, an ALJ issued a partially favorable decision on July 23, 2004, finding Plaintiff disabled as of September 4, 2001 (R. 16-22).   Plaintiff then requested review  by the Appeals Council of the July 23, 2004, decision (R. 519-24), which the Appeals Council denied (R. 7-9).

Following that, Plaintiff filed an action in federal district court (doc. 1).  Upon an unopposed motion by the Commissioner, the district judge remanded this action pursuant to sentence six of 42 U.S.C. § 405(g) for further administrative action (R. 537); namely, to locate the hearing tape.  The Appeals Council vacated the ALJ's decision and remanded Plaintiff's case to an ALJ for a *de novo* hearing and any further action needed to complete the record and render a new decision (R. 538-40).

2

On remand, the ALJ held a hearing on July 15, 2009, wherein Plaintiff appeared with a representative and testified (R. 627-46).  The sole issue addressed by the ALJ during the hearing involved whether Plaintiff was disabled between December 1, 1999, and September 3, 2001 (*id.*).

Subsequently, the ALJ rendered a decision finding Plaintiff entitled to a period of disability, DIB, and SSI beginning September 4, 2001, but not for the period from December 1, 1999, to September 3, 2001 (R. 528-35).  The ALJ found Plaintiff had the severe impairments of status post knee replacement and a chronic lumbar strain (R. 531).  Despite these severe impairments, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listings (*id.*).  After consideration of the entire record, the ALJ determined Plaintiff retained the residual functional capacity (RFC) to perform the full range of light work (R. 531-34).  Accordingly, the ALJ concluded Plaintiff retained the RFC to perform her past relevant work as a machine tender during the period from December 1, 1999, through September 3, 2001 and was, therefore, not disabled during that period (R. 534).  Plaintiff now seeks review of that decision. The sole period covered by this appeal is from December 1, 1999, through September 3, 2001.

### B.  Standard of Review

To be entitled to benefits, a claimant must be disabled, meaning he must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

3

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect.  These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.  20 C.F.R. §§ 404.1520(a), 416.920(a).  Under this process, the ALJ must determine, in sequence, the following:  whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform his or her past relevant work.  If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience.  *Id.*  A claimant is entitled to benefits only if unable to perform other work.  *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3).  The ALJ's "factual findings are conclusive if 'substantial evidence' consisting of relevant evidence as a reasonable person would accept as adequate to support a conclusion exists." *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing 42 U.S.C. § 405(g)).  The Court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  However, the Commissioner's failure to apply the correct law, or to give the reviewing court

4

sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066; *Jamison v. Bowen*, 814 F.2d 585, 589-90 (11th Cir. 1987).

### C. Discussion

#### 1. Past Relevant Work

At step four of the evaluation process, a claimant will be found not disabled if she can return to her past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). Past relevant work consists of work the claimant performed within the last fifteen years that lasted long enough for the claimant to learn how to do the work and that the claimant performed at the level of substantial gainful activity. 20 C.F.R. §§ 404.1565(a), 416.965(a). Substantial gainful activity means work involving significant physical or mental activities and which is done for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b), 416.972(a)-(b). In determining whether the claimant's past work constitutes substantial gainful activity, the ALJ's primary consideration will generally be the earnings the claimant derives from the work activity. 20 C.F.R. §§ 404.1574(a)(1), 416.974(a)(1). To qualify as substantial gainful activity for work performed in calendar years 1980-1989, for instance, the claimant's earnings must have averaged more than $300 per month. 20 C.F.R. §§ 404.1574(b)(2)(i), 416.974(b)(2)(i). The fact that the claimant's earnings were not substantial does not necessarily indicate the claimant cannot perform substantial gainful activity, however. 20 C.F.R. §§ 404.1574(a)(1), 416.974(a)(1).

In this instance, the ALJ concluded Plaintiff was capable of performing her past relevant work as a machine tender (R. 534).[2] Plaintiff argues only that her work as an injection molding

---

[2] In reaching that conclusion, the ALJ mistakenly identified Plaintiff's work as a machine tender as occurring in 1993 for a temporary employer rather than in 1985, 1987, and 1988 at Universal Containers and Metal Industries (R. 119-20, 122, 172, 180, 534). Given that

machine tender did not constitute substantial gainful activity and, therefore, did not classify as past relevant work (doc. 24, pp. 7-10).  The claimant bears the burden of proving she is unable to perform her previous work.  *Lucas v. Sullivan*, 918 F.2d 1567, 1571 (11th Cir. 1990).  In doing so, she carries the burden of showing that certain work experience does not qualify as past relevant work.  *Barnes v. Sullivan*, 932 F.2d 1356, 1359 (11th Cir. 1991).

At the July 15, 2009, hearing, Plaintiff testified that she worked full-time on an injection molding machine at a plastic factory after 1985 (R. 634).  The record indicates she worked as a plastic molding machine tender in 1985, 1987, and 1988 at Universal Containers and Metal Industries (R. 119-20, 180).  Her earnings as an injection molding machine tender included $156.20 in 1985, $1,822.23 in 1987 (combining $670.60 from Metal Industries and $1,151.63 from Universal Containers), and $440.00 in 1988 (R. 119-20).  Although the earnings records do not indicate the duration of Plaintiff's employment as an injection molding machine tender, she testified she worked for "a good six months" in that position prior to moving up north (R. 554-555), which appears to have occurred in 1988 given her employment in Minnesota and New York that year (R. 120).  Based on Plaintiff's testimony and earnings records, therefore, Plaintiff worked for six months and earned $1,822.23 in 1987 as an injection molding machine tender.  This indicates she earned $303.71 per month during that period thereby meeting the minimal $300 monthly income threshold for substantial gainful activity.  *See* 20 C.F.R. §§ 404.1574(b)(2)(i), 416.974(b)(2)(i).  Additionally, Plaintiff's work as a machine tender was substantial in that it involved significant physical activities.

---

the ALJ applied the proper legal standards and substantial evidence supports the ALJ's finding that Plaintiff's work as an injection molding machine tender constitutes past relevant work, the error is harmless.  *See generally Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (finding ALJ's erroneous statements of fact harmless error where ALJ applied the proper legal standard).

*See* 20 C.F.R. §§ 404.1572(a), 416.972(a).   Indeed, as Plaintiff testified, she worked as a machine tender full time operating a machine at a plastics factory (R. 634) wherein she would pull the plastic out of the large machine and place it in water to cool (R. 554-55).

Moreover, the record contains two "Past Relevant Work Summary" forms prepared by vocational experts (VE), one of whom appeared at the hearing before the ALJ (R. 625-46).   In their summaries, each VE identified Plaintiff's position as an injection molding machine tender as past relevant work and classified the position under the Dictionary of Occupational Titles (DOT) as DOT number 556.685-038.   *See* DICOT § 556.685-038, 1991 WL 683482.   Had Plaintiff taken issue to the classification of her position as an injection molding machine tender as past relevant work, she had an opportunity to do so.   Specifically, when asked by the ALJ at the July 15, 2009, hearing if Plaintiff objected to the information contained in the Past Relevant Work submitted by the VE appearing at the hearing, Plaintiff indicated she did not object to the information contained in the Past Relevant Work Summary or to its admission into evidence (R. 629).   Accordingly, based on the foregoing, Plaintiff failed to carry her burden of demonstrating her position as a machine tender did not constitute substantial gainful activity.   The ALJ thus properly found Plaintiff's injection molding machine tender position constituted past relevant work and his decision is supported by substantial evidence.

### 2.  Postural Limitations

Plaintiff contends the ALJ also erred by failing to evaluate any purported postural limitations in finding Plaintiff could perform her past work as a machine tender (doc. 24, pp. 6-7).   As noted previously, the ALJ determined Plaintiff retained the RFC to perform a full range of light work and, more notably, was capable of performing her past relevant work as a machine tender (R. 531-34).

In making those determinations, the ALJ afforded great weight to the opinions of the state agency medical consultants (R. 533). The ALJ did not, however, include the postural limitations suggested by both of the state agency medical consultants (R. 222-37). Indeed, the Commissioner concedes the RFC did not include the postural limitations suggested by the state agency consultants but contends any error in that omission was harmless given that substantial evidence establishes Plaintiff could perform her past relevant work as a machine tender even with any purported postural limitations (doc. 25, p. 5).

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). To determine a claimant's RFC, an ALJ makes an assessment based on *all* of the relevant evidence of record as to what a claimant can do in a work setting despite any physical, mental, or environmental limitations caused by the claimant's impairments and related symptoms. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). In determining whether the claimant retains the RFC to perform her past relevant work, the ALJ must consider the opinions of state agency medical consultants, which are treated as expert opinions. *See* Social Security Ruling (SSR) 96-6p, 1996 WL 374180; *see also* 20 C.F.R. §§ 404.1527(f)(2), 416.927(f)(2). Although the ALJ must afford the proper weight to the opinions of state agency medical consultants, the ALJ is not bound by any findings made by the state agency medical consultants. 20 C.F.R. §§ 404.1527(f)(2)(i), 416.927(f)(2)(i). Further, as part of the disability determination, the ALJ may also consult a number of resources including a vocational expert or the DOT. 20 C.F.R. §§ 404.1560(b)(2), 416.920(b)(2). The claimant, however, bears the burden at this step to demonstrate she cannot perform her past work either as she actually performed it or as it is generally performed in the national economy. *Lucas*, 918 F.2d at 1571; *see* 20 C.F.R.

8

§§ 404.1520(f), 416.920(f); *see also* SSR 82-61, 1982 WL 31387.

Here, the ALJ assigned Plaintiff her RFC after evaluating and discussing all of the evidence of record (R. 531-534). In doing so, he gave great weight to the opinions of the state agency medical consultants, who opined Plaintiff could perform light exertional work with occasional postural limitations climbing, balancing, stooping, kneeling, crouching, and crawling (R. 223-24, 227, 231-32, 533). He did not adopt the opinions of the state agency medical consultants in full, but rather gave great weight to their determinations that Plaintiff could perform light work as those determinations were generally supported by and consistent with the evidence of record as a whole (*id.*). The ALJ did not address either state agency medical consultant's determination that Plaintiff had occasional postural limitations, nor was he required to. *See* 20 C.F.R. §§ 404.1527(f)(2)(i), 416.927(f)(2)(i) (stating the ALJ is not bound by any findings made by a state agency medical consultant). Indeed, nothing in the record supports any postural limitations except Plaintiff's own subjective complaints, which the ALJ discredited due to several inconsistencies in Plaintiff's testimony regarding her symptoms as well as to multiple doctors' findings that Plaintiff's complaints did not comport with the objective medical evidence (R. 531-34). Irrespective, both state agency medical consultants found Plaintiff could perform full-time light work (R. 227, 235), and the ALJ, therefore, accorded the proper weight to their opinions in determining Plaintiff's RFC and ability to perform her past relevant work as a machine tender.

Notwithstanding, even if the ALJ included the purported postural limitations in Plaintiff's RFC, his finding that Plaintiff could perform her past relevant work as a machine tender is supported by substantial evidence. Namely, the VEs identified Plaintiff's past work as an injection molding machine tender in the "Past Relevant Work Summary" under DOT number 556.685-038, Plaintiff

did not object to that position as defined by the DOT as part of her past relevant work, and the ALJ considered that information in determining Plaintiff could perform work in the position of machine tender given her RFC. As the DOT illustrates, the position of injection molding machine tender does not involve climbing, balancing, stooping, kneeling, crouching, and crawling. *See* DICOT § 556.685-038, 1991 WL 683482. It follows, then, that given the postural limitations imposed by the state agency medical consultants, Plaintiff could still perform her past relevant work as an injection molding machine tender. Accordingly, the ALJ's finding that Plaintiff was able to perform the full range of light work with no limitations and, thus, capable of performing her past relevant work as a machine tender is supported by substantial evidence.

D. *Conclusion*

For the reasons stated above, it is hereby

RECOMMENDED:

1. The Plaintiff's complaint (doc. 1) be dismissed, and the Commissioner's decision be affirmed.

2. The Clerk be directed to enter judgment for the Commissioner and close the case.

IT IS SO REPORTED in Tampa, Florida, on August 19, 2011.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

## <u>NOTICE TO PARTIES</u>

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. § 636(b)(1).


cc:    The Honorable Steven D. Merryday
       Counsel of Record

11